ABEL SMITH

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Fish—Act for Protection of—Conviction for Violation of—Sufficiency of Evidence—Expert Testimony—Instructions.*

1. In a controversy arising out of an alleged violation of the act for the protection of fish, *held*, that the evidence was sufficient to warrant the conviction, and that the instructions complained of were not detrimental to the defendant.

2. Upon the case presented, it was proper to ask the opinion of a qualified witness as to whether the nets of defendant were so placed as to obstruct the passage of fish.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MILLS & McCLURE, for plaintiff in error.

Messrs. R. R. HEWITT, State's Attorney, and A. A. LEEPER, for defendants in error.

MR. JUSTICE WALL. The plaintiff in error was convicted

of violating Sec. 1 of an act passed by the General Assembly, in force July 1 1889, for the protection of fish, which provides:

"That no person shall place or cause to be placed or erected any seine, weir, net, fish dam or other obstruction in or across any of the rivers, creeks, streams  *  *  *, or other watercourses, wholly within or running through this State, in such manner as shall obstruct the free passage of fish up and down or through such water or watercourses," etc.

We think the evidence very clearly shows that the net was so placed as to obstruct the free passage of fish, and that it was in one of the watercourses of this State. It is also clear that the net belonged to the plaintiff in error but he insists he is not to be held responsible criminally because it was put there by his agents and servants, he not having specially directed where it should be set and that as a matter of fact he was then confined to his bed by sickness. This was a question for the jury and they having been fairly instructed as to the law on this point we can not interfere unless the evidence is clearly insufficient.

The plaintiff in error followed the business of fishing as a regular avocation, had a boat propelled by steam, with various appliances, including nets, to be used in the business, and when he was not personally present all was under the management of his employes. There is evidence tending to show that while he was at home, sick, he was in communication with one or more of these employes, and there was proof that the net was set where it was by his direction. The jury, no doubt, were satisfied from all the evidence that while perhaps he did not know the precise location of the nets, and may not have instructed his men just where or how to set them, yet that he practically knew all about it, and that practically it was done under his instruction. We think the jury had sufficient reason to conclude that the defendant's testimony was not entitled to much weight on this point. He says he told his men not to obstruct the fish, and they insist they did not, yet very clearly they did,

and it is not a matter of reasonable doubt that in setting the nets they pursued his general directions and that he knew substantially what had been done.

We find no error of importance in the instructions. The point made against the second, that it might include waters not within the meaning of the law, is met by the fact that the place in question was certainly a watercourse where it was unlawful to place the obstruction described. It was the inlet of a bay called Sangamon Bay, which flows into the Illinois river. It was about one hundred yards wide and was deep enough to permit the passage of a steamer. The bay is on land owned by plaintiff in error and it is not likely that the water is used for purpose of navigation, yet clearly it has a permanent connection with the river, rises and falls with it and it is undoubtedly one of those bodies of water which the statute had in view. It is insisted in the brief that the court modified the sixth instruction asked by defendant. But we can not find from either the abstract or record that such was the case.

It is urged as error that the court refused an instruction especially calling attention to the fact that defendant was sick when the net was placed and that he gave no directions, etc. This was properly refused, because it was intended to direct the special notice of the jury to a single fact where there were others directly connected with it that should have been considered in that connection. The court had given three instructions which pointedly told the jury that the defendant could not be convicted for the act of another unless he had instigated or directed it. The defendant was not prejudiced by the action of the court in this respect. It is also urged there was error in allowing the witness Brown to state that the net, as set, would obstruct the free passage of fish. This is a matter that possibly the jury understood as well as the witness, but unless they had some special knowledge of the habits of fish they would probably need some information on the point. The main part of the net was set near the middle of the water with one wing extending to the east bank; another wing went

nearly to the west bank, and there was another starting from that bank a short distance further up and lapping over the end of the one extending westward from the net, leaving a lane between these two where fish might go as was contended. To one not versed in such matters it would be a question whether the free passage of fish would be thereby obstructed. We think it was perfectly competent to prove what is the natural habit of fish in this respect and whether they would or would not be obstructed by the means thus adopted. The statement of the witness was mainly composed of what he knew from observation and he evidently had such knowledge of the matter as to warrant the expression of an opinion as to the probable effect of setting the wings in this manner. But after he had stated what is the habit or disposition of fish when meeting an obstruction like these wings it was hardly necessary for him to give his opinion.

It would follow almost certainly from the facts stated that the fish would be obstructed and of course this was why the net was so arranged. There was clearly a substantial obstruction to the free passage of fish within the meaning of the law.

We are of opinion that the plaintiff in error was guilty as charged, and that no error appears in the record requiring the reversal of the judgment. The same will be affirmed.

*Judgment affirmed.*